[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Roberta A. Dacey appeals the decision of a presiding officer, appointed by the commission on human rights and opportunities, ruling on her complaint of employment discrimination. The principal defendants are officials of the town of Naugatuck. Although the CT Page 5176 commission is a nominal defendant, it has joined the plaintiff in urging the court to sustain the appeal. The presiding officer rendered his decision pursuant to General Statutes § 46a-86. The plaintiff appeals pursuant to §§ 46a-94a and 4-183. The commission's posture, which is adverse to the decision of its hearing officer, is authorized by the provisions of § 46a-94a. The court finds the issues in favor of the plaintiff and remands the case to the commission for further proceedings.
In April 1982, the plaintiff applied for a job as a police officer in the Naugatuck Police Department. The department rejected the plaintiff's application, stating that her age (36) exceeded the department's rules for new employees.
The plaintiff filed a complaint with the commission, alleging that the Naugatuck Police Department had discriminated against her in employment on the basis of her age and sex in violation of General Statutes § 46a-60. After investigation, the commission found reasonable cause to credit the complaint and scheduled a hearing before a presiding officer appointed pursuant to General Statutes § 46a-84.
Following the hearing, the presiding officer rendered his final decision in which he found that the department had committed a discriminatory practice in violation of § 46a-60(a), specifically that the department had illegally refused to hire the plaintiff because of her age. Based on that finding, the presiding officer awarded damages for back pay, emotional distress and attorney's fees. The amount awarded for back pay was $7,500, and it is this award that is the subject of the plaintiff's appeal
At the time the plaintiff applied for the job in 1982, it was the police department's practice to hire new officers initially as "supernumeraries," part-time positions at a lower pay scale than positions on the force as full-time officers. The expectation was that the supernumerary would eventually be hired in a full-time position. In 1985 or 1986, the supernumerary position was abolished, and thereafter new officers were hired directly into full-time positions. CT Page 5177
In determining the amount of back pay to award, the presiding officer assumed that the plaintiff would have been hired as a supernumerary and continued in that position until the position was abolished. He did not find that the plaintiff would ever have been hired as a full-time officer, and, accordingly, his award was based only on the reduced pay scale of a supernumerary. Furthermore, his decision assumed that the plaintiff's employment would have terminated in 1985, when the supernumerary position was abolished.
The presiding officer's decision on the back pay issue was premised on his determination that the plaintiff had the burden of proving her damages. He concluded she had proved only that she would have been hired as a supernumerary but for the department's discriminatory policy. Concerning full-time employment, the presiding officer held as follows:
 The complainant has, though, not established sufficient evidence to prove that she would have thereafter been promoted to the position of a regular police officer by 1985 when supernumerary officers were eliminated.
The plaintiff and the commission contend that the presiding officer erroneously imposed the burden of proving eligibility for damages for back pay as a full-time officer on the plaintiff. The court agrees.
Federal law provides appropriate precedent for applying the provisions of the Connecticut employment discrimination statutes and the remedies available thereunder. State v. Commission on Human Rights andOpportunities, 211 Conn. 464, 469-470 (1989). Federal court decisions are virtually unanimous in holding that once discrimination has been found, the burden of proof with respect to entitlement to back pay shifts to the employer. Furthermore, where there is an issue whether an individual would have been hired or promoted, the employer has the burden of proving that the individual would not have been hired or promoted. Cohen v. WestHaven Board of Police Commissioners et al, 638 F.2d 496,503 (1980); Ackerman Western Electric Co., Inc., 643 CT Page 5178 F. Sup. 836 (N.D. Cal. 1986). Furthermore, the Connecticut statute "plainly commands" the commission to order affirmative retroactive relief in any case where it finds that a discriminatory practice has occurred. State v.CHRO, supra, 480-481.
Based on the authorities cited above, the court concludes that the presiding officer erroneously assigned to the plaintiff the burden of proving that she would have been hired as a full-time officer but for the discriminatory practice. In evaluating the evidence in the record before him, the presiding officer should have imposed on the defendant police department the burden of proving that it would not have hired the plaintiff as a full-time police officer during the period beginning when she first applied for a job in 1982 to 1985, when the position of supernumerary was abolished.
In its brief, the commission argues that the evidence in the record establishes the strong likelihood that, but for its discriminatory practice, the police department would have hired the plaintiff as a full-time police officer after she had served a short period, less than two years, as a supernumerary. The court agrees.
The presiding officer noted in his decision that although the chief of police testified that a job as supernumerary was not a "guarantee" that the individual would eventually be hired as a full-time officer, the chief could not recall any supernumerary who had ever been rejected. Plaintiff's Exhibit 16 at the hearing, Record Item No. 22, is a chart showing all police officers who were initially hired as supernumeraries and the dates they were subsequently hired as full-time officers. The average time spent in the supernumerary position was 18.5 months. The average time for the group of officers hired as supernumeraries at the time the plaintiff applied was approximately 7 months. There is no evidence in the record which would tend to show that the plaintiff would not have been hired as a full-time officer after the average time spent as a supernumerary.
The effect of the evidence in the record, as summarized above, is to make it impossible for the defendants to sustain their burden of proving that the CT Page 5179 plaintiff would not have been hired as a full-time police officer before the supernumerary position was abolished. Any contrary finding would be clearly erroneous. Accordingly, the case must be remanded to the commission so that it may, on the basis of the present record, determine when the plaintiff would have been hired as a full-time officer and how much back pay she is entitled to receive as a result. General Statutes § 4-183(j) and (k).
The plaintiff's appeal is sustained and the case is remanded to the commission for further proceedings consistent with this decision.
MALONEY, J.